# Exhibit A

## Settlement Agreement

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

ADMINISTRATIVE PROCEEDING
File No.

| In the Matter of | OFFER OF SETTLEMENT OF AGFEED INDUSTRIES, INC. |
|---|---|
| AGFEED INDUSTRIES, INC., | |
| Respondent. | |

I.

AgFeed Industries, Inc. ("AgFeed" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of proceedings to be instituted against it by the Commission, pursuant to Section 12(j) of the Securities Exchange Act of 1934 ("Exchange Act").

II.

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except for the waiver expressed in Section V with respect to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)].

III.

On the basis of the foregoing, the Respondent hereby:

A. Admits the jurisdiction of the Commission over it and over the matters set forth in the Order Instituting Proceedings Pursuant to Section 12(j) of the Securities Exchange Act of 1934, Making Findings, and Revoking Registration of Securities ("Order");

B. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party prior to a hearing pursuant to the Commission's Rules of Practice, 17 C.F.R. § 201.100 et seq., and without admitting or denying the findings contained in the Order, except as to the Commission's jurisdiction over it and the

subject matter of these proceedings, which are admitted, Respondent consents to the entry of an Order by the Commission containing the following findings[1] and order set forth below:

1. AgFeed (CIK No. 1331427) is a Nevada corporation with its principal place of business in Hendersonville, Tennessee.

2. AgFeed filed for bankruptcy protection on July 15, 2013 in the United States Bankruptcy Court for the District of Delaware and is currently in liquidation. AgFeed's common stock is currently registered with the Commission under Exchange Act Section 12(g). Prior to March 24, 2012, AgFeed's common stock was listed on the The NASDAQ Stock Market LLC under the stock symbol "FEED." AgFeed's common stock is currently quoted on OTC Link (previously "Pink Sheets") operated by OTC Markets Group Inc. under the ticker symbol "FEEDQ."

3. AgFeed is delinquent in its periodic filings with the Commission and has repeatedly failed to meet its obligation to file timely periodic reports. AgFeed has not filed an Annual Report on Form 10-K since March 16, 2011, or periodic or quarterly reports on Form 10-Q for any fiscal period subsequent to its fiscal quarter ended June 30, 2011.

4. Exchange Act Section 13(a) and the rules promulgated thereunder require issuers of securities registered pursuant to Exchange Act Section 12 to file with the Commission current and accurate information in periodic reports. Specifically, Rule 13a-1 requires issuers to file annual reports, and Rule 13a-13 requires issuers to file quarterly reports.

5. As a result of the foregoing, the Respondent failed to comply with Exchange Act Section 13(a) and Rules 13a-1 and 13a-13 thereunder.

### IV.

Section 12(j) of the Exchange Act provides as follows:

The Commission is authorized, by order, as it deems necessary or appropriate for the protection of investors to deny, to suspend the effective date of, to suspend for a period not exceeding twelve months, or to revoke the registration of a security, if the Commission finds, on the record after notice and opportunity for hearing, that the issuer of such security has failed to comply with any provision of this title or the rules and regulations thereunder. No member of a national securities exchange, broker, or dealer shall make use of the mails or any means of

---

[1] The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security the registration of which has been and is suspended or revoked pursuant to the preceding sentence.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission that:

Pursuant to Section 12(j) of the Exchange Act, registration of each class of Respondent's securities registered pursuant to Section 12 of the Exchange Act be, and hereby is, revoked.

## V.

By submitting this Offer, Respondent hereby acknowledges its waiver of those rights specified in Rules 240(c)(4) and (5) [17 C.F.R. §201.240(c)(4) and (5)] of the Commission's Rules of Practice. Respondent also hereby waives service of the Order.

## VI.

Respondent understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Respondent's agreement to comply with the terms of Section 202.5(e), Respondent: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; and (ii) will not make or permit to be made any public statement to the effect that Respondent does not admit the findings of the Order, or that the Offer contains no admission of the findings, without also stating that the Respondent does not deny the findings; and (iii) upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

## VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

## VIII.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

## IX.

Respondent states that it has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce it to submit to this Offer.

X.

This Offer is subject to and conditioned upon the entry of an order by the Bankruptcy Court for the District of Delaware approving and authorizing the undersigned to enter into this Offer on behalf of Respondent (the "Bankruptcy Court Approval"). Respondent agrees that, if this Offer is accepted by the Commission (which acceptance remains in the Commission's sole discretion), Respondent shall request and pursue in good faith such Bankruptcy Court Approval within seven (7) business days of any notice by the Commission's staff of any such acceptance by the Commission. The Commission's staff may extend such seven-day time period for good cause shown. Respondent acknowledges that no acceptance of this Offer by the Commission shall limit the Commission's ability to institute any other proceedings against Respondent pursuant to Section 12(j) of the Exchange Act or otherwise at any time if the Commission deems it necessary or appropriate, including if Respondent does not promptly seek and/or obtain Bankruptcy Court Approval of this Offer for any reason.

13 Day of Feb, 2014

AGFEED INDUSTRIES, INC.

By: _____
Keith A. Maib, Chief Restructuring Officer

**STATE OF MICHIGAN** }
                                   } SS:
**COUNTY OF OAKLAND** }

The foregoing instrument was acknowledged before me this 13 day of February, 2014, by KEITH A. MAIB, who ✓ is personally known to me or ___ who has produced a Michigan driver's license as identification and who did take an oath.

_____
Notary Public   Attorney At Law

# AGFEED INDUSTRIES, INC. CERTIFICATE OF CORPORATE RESOLUTION

I, Keith A. Maib, do hereby certify that I am the duly elected, qualified and acting Chief Restructuring Office of AgFeed Industries, Inc. ("AgFeed"), a Nevada corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of AgFeed at a meeting held on _____, 2014 at which a quorum was present and resolved as follows:

**RESOLVED:** That Keith A. Maib, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the offer of settlement of AgFeed, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _13_ day of _February_, 2014.

By: _____
Keith A. Maib, Chief Restructuring Officer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _February 13_, 2014.

By: _____
Keith A. Maib, Chief Restructuring Officer

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No.

ADMINISTRATIVE PROCEEDING
File No.

| In the Matter of<br><br>AGFEED INDUSTRIES, INC.,<br><br>Respondent. | ORDER INSTITUTING PROCEEDINGS PURSUANT TO SECTION 12(j) OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND REVOKING REGISTRATION OF SECURITIES |
|---|---|

I.

The Securities and Exchange Commission ("Commission") deems it necessary and appropriate for the protection of investors that proceedings be, and hereby are, instituted pursuant to Section 12(j) of the Securities Exchange Act of 1934 ("Exchange Act"), against AgFeed Industries, Inc. ("AgFeed" or "Respondent").

II.

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over it and the subject matter of these proceedings, which are admitted, Respondent consents to the entry of this Order Instituting Proceedings Pursuant to Section 12(j) of the Securities Exchange Act of 1934, Making Findings, and Revoking Registration of Securities ("Order") as set forth below.

III.

On the basis of this Order and Respondent's Offer, the Commission finds[1] that

---

[1] The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

1. AgFeed (CIK No. 1331427) is a Nevada corporation with its principal place of business in Hendersonville, Tennessee.

2. AgFeed filed for bankruptcy protection on July 15, 2013 in the United States Bankruptcy Court for the District of Delaware and is currently in liquidation. AgFeed's common stock is currently registered with the Commission under Exchange Act Section 12(g). Prior to March 24, 2012, AgFeed's common stock was listed on the The NASDAQ Stock Market LLC under the stock symbol "FEED." AgFeed's common stock is currently quoted on OTC Link (previously "Pink Sheets") operated by OTC Markets Group Inc. under the ticker symbol "FEEDQ."

3. AgFeed is delinquent in its periodic filings with the Commission and has repeatedly failed to meet its obligation to file timely periodic reports. AgFeed has not filed an Annual Report on Form 10-K since March 16, 2011, or periodic or quarterly reports on Form 10-Q for any fiscal period subsequent to its fiscal quarter ended June 30, 2011.

4. Exchange Act Section 13(a) and the rules promulgated thereunder require issuers of securities registered pursuant to Exchange Act Section 12 to file with the Commission current and accurate information in periodic reports. Specifically, Rule 13a-1 requires issuers to file annual reports, and Rule 13a-13 requires issuers to file quarterly reports.

5. As a result of the foregoing, the Respondent failed to comply with Exchange Act Section 13(a) and Rules 13a-1 and 13a-13 thereunder.

## IV.

Section 12(j) of the Exchange Act provides as follows:

The Commission is authorized, by order, as it deems necessary or appropriate for the protection of investors to deny, to suspend the effective date of, to suspend for a period not exceeding twelve months, or to revoke the registration of a security, if the Commission finds, on the record after notice and opportunity for hearing, that the issuer of such security has failed to comply with any provision of this title or the rules and regulations thereunder. No member of a national securities exchange, broker, or dealer shall make use of the mails or any means of instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security the registration of which has been and is suspended or revoked pursuant to the preceding sentence.

In view of the foregoing, the Commission finds that it is necessary and appropriate for the protection of investors to impose the sanction specified in Respondent's Offer.

Accordingly, it is hereby ORDERED, pursuant to Section 12(j) of the Exchange Act, that registration of each class of Respondent's securities registered pursuant to Section 12 of the Exchange Act be, and hereby is, revoked.

By the Commission.

Elizabeth M. Murphy
Secretary

# Exhibit B

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| AgFeed USA, LLC, *et al.*,[1] | Case No. 13-11761 (BLS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No.: ____ |

## ORDER APPROVING THE PROPOSED SETTLEMENT AGREEMENT WITH THE SECURITIES AND EXCHANGE COMMISSION

Upon consideration of the Motion[2] of AgFeed Industries, one of the debtors and debtors in possession in the above-captioned cases, for entry of an order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement and; and upon consideration of the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of AgFeed Industries and its estate and creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors and the last four digits of their federal tax identification numbers are: AgFeed USA, LLC (8748), AgFeed Industries, Inc. (7168); TS Finishing, LLC (8748); New York Finishing, LLC (8748); Pork Technologies, LC (2076); New Colony Farms, LLC (9246); Heritage Farms, LLC (8141); Heritage Land, LLC (8129); Genetics Operating, LLC (1921); M2P2 Facilities, LLC (8748); MGM, LLC (8748); M2P2 General Operations, LLC (8748); New Colony Land Company, LLC(5834); M2P2 AF JV, LLC (8748); Midwest Finishing, LLC (8748); and Genetics Land, LLC (1921). The mailing address for the Debtors is 816 Congress Ave., Suite 1280, Austin, Texas 78701.

[2] Capitalized terms used, but not otherwise defined herein, have the meaning given to them in the Motion.

01:15041573.8

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. The Settlement Agreement is approved.

3. AgFeed Industries is authorized and empowered to take any and all other actions necessary to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2014
      Wilmington, Delaware

                                                BRENDAN L. SHANNON
                                                UNITED STATES BANKRUPTCY JUDGE