IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AgFeed USA, LLC *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 13-11761 (BLS)<br><br>Jointly Administered<br><br>**Hearing Date: TBD**<br>**Response Deadline: TBD** |

**CLAIMS RECOVERY GROUP LLC'S RESPONSE TO AMENDED OBJECTION OF
THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF AGFEED
INDUSTRIES, INC. TO THE CLAIM OF HORMEL FOOD CORPORATION**

Claims Recovery Group LLC ("CRG"), by and through its undersigned counsel, hereby files this Response (the "Response") to the *Amended Objection Of The Official Committee Of Equity Security Holders Of AgFeed Industries, Inc. ("AgFeed Industries") To The Claim Of Hormel Food Corporation*, Docket No. 1505 (the "Claim Objection"). In support of this Response, CRG states and represents as follows:

**Background**

1. On October 10, 2013, Hormel Food Corporation ("Hormel") filed separate proofs of claim (the "Claims") against AgFeed USA, LLC ("AgFeed USA"), Midwest Finishing, LLC ("Midwest"), TS Finishing, LLC ("TS"), and MGM, LLC (together with AgFeed USA, Midwest, and TS, the "AgFeed USA Parties").

2. Other than the particular debtor against which the claims were filed, the Claims were identical and are reflected on the Debtors' Claims Docket as Claim Numbers 29, 30, 31, and 32 on the Claims Docket.

---

[1] The Debtors and the last four digits of their federal tax identification numbers are: AgFeed USA, LLC (8748), AgFeed Industries, Inc. (7168); TS Finishing, LLC (8748); New York Finishing, LLC (8748); Pork Technologies, LC (2076); New Colony Farms, LLC (9246); Heritage Farms, LLC (8141); Heritage Land, LLC (8129); Genetics Operating, LLC (1921); M2P2 Facilities, LLC (8748); MGM, LLC (8748); M2P2 General Operations, LLC (8748); New Colony Land Company, LLC (5834); M2P2 AF JV, LLC (8748); Midwest Finishing, LLC (8748); and Genetic Land, LLC (1921).

DM3\3083900.2

3.     On October 25, 2013, Hormel transferred the Claims to CRG. [D.I. 507, 508, 509, 510.].

4.     Pursuant to the terms and conditions of the *Debtor's Revised Second Amended Chapter 11 Plan of Liquidation Supported By The Official Committee Of Equity Securityholders*, Docket No. 1360 (the "Plan"), which was confirmed by this Court and which became "Effective" on November 10, 2014, the AgFeed USA Parties were substantively consolidated and, as such, the Claims are to be treated as a single, consolidated claim (the "Hormel Claim").

5.     As set forth in the Claim Objection, the Hormel Claim resulted from a settlement of certain litigation by and between the AgFeed USA Parties and Hormel, which resulted in the AgFeed USA Parties executing a certain promissory note dated April 1, 2013 (the "Note") in the amount of $2,840,434.17 in favor of Hormel (Claim Objection, p. 2). A copy of the Note was attached to each of the Claims.

### The Claim Objection

6.     On October 31, 2014, the Official Committee of Equity Security Holders of AgFeed Industries, Inc. (the "Equity Committee") filed the Claim Objection.

7.     The Equity Committee offers two theories as to why the Court should disallow the Hormel Claim. First, the Equity Committee alleges that AgFeed Industries might have claims against Hormel and the amounts due and owing by the AgFeed USA Parties on account of the Hormel Claim should be offset by the "damages" Hormel allegedly owes to AgFeed Industries. (Claim Objection, ¶ 1). Second, the Equity Committee asserts that, in light of the fact that Hormel may have received certain preferential or fraudulent transfers, with such claims

being "described and alleged in more detail in a complaint[2] to be filed against Hormel," the Court should disallow the Hormel Claim in the present (Claim Objection, ¶ 2).

8. As set forth herein, neither argument provides any justification for the "disallowance" of the Hormel Claim (a claim which AgFeed USA, itself, scheduled as non-contingent, liquidated and undisputed) nor do they act to rebut the *prima facie* validity of the Hormel Claim.

### CRG's Response to the Claim Objection

#### A. The Hormel Claim Is *Prima Facially* Valid

9. It is well established that, pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure, a claimant need only "allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Bankruptcy Rule 3001(f)." *Official Comm. Of Unsecured Creditors of Radnor Holdings Corp. v. Tennenbaum Capital Partners, LLC (In re Radnor Holdings Corp.)*, 353 B.R. 820, 845-46 (Bankr. D. Del. 2006) (citing *In re Int'l Wireless Commc'ns Holdings Inc.*, 257 B.R. 739 (Bankr. D. Del. 2001)).

10. In this case, the Claims are *prima facially* valid as they set forth the basis for the AgFeed USA Parties' liability to CRG, as the assignee of the Hormel Claim. Each of the Claims included a copy of the Note executed by each of the AgFeed USA Parties, which evidenced their debt to Hormel (and CRG as Hormel's assignee)[3].

---

[2] Contemporaneously with the filing of the Claim Objection, the Equity Committee commenced an adversary proceeding against Hormel by filing a two count complaint (the "AgFeed Industries Complaint") against Hormel on behalf of AgFeed Industries. The AgFeed Industries Complaint does not include any preference or fraudulent transfer counts against Hormel.

[3] Despite the "claims" asserted against Hormel in the AgFeed Industries Complaint, the Equity Committee does not dispute (i) the fact that the Note was signed by the AgFeed USA Parties; (ii) the amount of the Note; (iii) that the Note was issued in favor of Hormel and (iv) that CRG owns the Hormel Claim. While not germane to this response, the Equity Committee is incorrect when it states that the Note is a non-interest bearing instrument. *See* Claim

3

11.  Moreover, the Hormel Claim is in the same amount as the claim set forth in AgFeed USA's schedules—a claim that the AgFeed USA debtors scheduled in favor of Hormel as non-contingent, liquidated and undisputed.

12.  Accordingly, the Hormel Claim asserts facts sufficient to support the legal basis for the claims against the AgFeed USA Parties and, thus, *prima facie* evidence of its validity and amount pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

### B.  The Claim Objection Is Insufficient To Overcome The Presumed Validity Of The Hormel Claim

13.  While properly filed claims "constitute *prima facie* evidence of the validity and amount of the claim," in order to overcome this presumption, an objecting party "must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d. Cir. B.A.P. 2000). Moreover, this evidence "must be substantial" in order to overcome the presumed validity of the claim. *Radnor Holdings Corp.*, 353 B.R. at 846 (citing *In re Mid-American Waste Sys.*, 284 B.R. 53, 65 (Bankr. D. Del. 2002)).

14.  If an objector fails to *"introduce evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."* 4 *Collier on Bankruptcy* ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014) (emphasis added).

15.  In this case, the Claim Objection fails to provide any evidence, let alone the requisite "substantial evidence," to show that the Hormel Claim is invalid.

---

Objection, p. 1. Rather, the Note, itself, provides that interest will be due on or after January 1, 2015 "at the highest rate allowable under applicable law from the Due Date *(i.e.*, 12/31/2014) until paid in full."

4

DM3\3083900.2

1.  **As A Matter Of Law, AgFeed Industries Cannot Setoff Against The Hormel Claim**

16. As detailed herein, the Equity Committee's first theory for disallowing the Hormel Claim is because Hormel might owe some amount to AgFeed USA's *parent* – AgFeed Industries.

17. Indeed, the Equity Committee, in the Claim Objection, states that "[t]he amount owed to Hormel Food Corporation under the Hormel Note is more than *offset* by the claims for damages arising in favor of [AgFeed Industries]." Claim Objection, p.1 (emphasis added).

18. But it is hornbook law that in order for a party to "setoff," the debts must be mutual. 80 *C.J.S. Set-off and Counterclaim* § 66 (2014) ("Set-off requires mutuality of parties....")

19. Nowhere in the Claim Objection does the Equity Committee allege that Hormel owes anything to the AgFeed USA Parties or that the AgFeed USA Parties have claims against Hormel.

20. Rather, the Claim Objection relies on a "triangular setoff" theory whereby the Equity Committee asserts that the AgFeed USA Parties can allegedly offset their obligation to CRG, as assignee of the Hormel Claim, against Hormel's purported liability to AgFeed Industries.

21. Unfortunately for the Equity Committee, this theory has been uniformly rejected, especially in bankruptcy. *Id.* ("A 'triangular setoff,' when A attempts to offset an obligation to B against B's debt to C, is prohibited because there is no mutuality of debt between two parties.").

22. Indeed, pursuant to 11 U.S.C. § 553, which specifically preserves non-bankruptcy setoff rights for creditors, mutuality is still an indispensable requirement. *See, In re SemCrude, L.P.*, 399 B.R. 388, 393 (Bankr. D. Del 2009) (*aff'd* by *In re SemCrude, L.P.*, 428 B.R. 590 (D. Del. 2010)).

23. As the Claim Objection does not allege that Hormel (much less CRG) owes any amounts to the AgFeed USA Parties, the Equity Committee cannot demonstrate the mutuality necessary to offset the amounts owed by the AgFeed USA Parties on account of the Hormel Claim against Hormel's asserted liability to AgFeed Industries and any attempt by the Equity Committee to "setoff" under such circumstances is inappropriate.

### 2.  There Are No Avoidance Actions Pending Against Hormel

24. Perhaps recognizing the futility of the setoff argument, the Equity Committee then asserts that disallowance of the Hormel Claim is appropriate because "[b]oth payments to and offsets taken by Hormel against AgFeed USA were Preferential and/or Fraudulent Transfers." Claim Objection, ¶ 2.

25. First, there are no pending avoidance actions against Hormel.

26. As noted herein, the AgFeed Industries Complaint does not include any avoidance claims, preference or otherwise, so this "basis" for disallowing the Hormel Claim does not exist.

27. Moreover, pursuant to the terms and conditions of the Plan, all preference claims were expressly released. *See, e.g.,* Plan § 1.36.

28. Additionally, there are no references to the existence of any avoidance causes of action against Hormel in the disclosure statement in support of the Plan, Docket No. 1361, or *AgFeed USA's Memorandum of Law In Support of Confirmation Of The Plan*, Docket No. 1499.

29. Moreover, even if the Liquidating Trustee, as assignee of any claims held by the AgFeed USA Parties, could assert a fraudulent transfer claim[4] against Hormel at some later point

---

[4] Even if the Liquidating Trustee could assert a fraudulent transfer claim against Hormel, the claim would be "pointless" as any "transfer" repaid by Hormel would result in a claim for the amount so avoided, *see, e.g.,* 11 U.S.C. § 502(h), and the unsecured creditors of the AgFeed USA Parties have been paid in full. As such, the Liquidating Trustee would not have "Article III injury in fact" standing to pursue such claims. *See Fleet National Bank v. Gray (In re Bankvest Capital Corp.)*, 375 F.3d 51, 71 (1st Cir. 2004) ("the fact that [the defendant creditor] would be entitled to receive exactly what it would be forced to return through avoidance renders avoidance pointless"); and *Falcon Creditor Trust v. RightChoice Managed Care (In re Falcon Products, Inc.)*, 2008 U.S. Dist. LEXIS 9590, at *27 (E.D. Mo. February 8, 2008) (holding that priority of creditor's claim would be preserved by

in time, that potential claim, in and of itself, is not sufficient to overcome the *prima facie* validity of the Hormel Claim[5].

30. Simply put, the Claim Objection does not offer any evidence to support any allegation that AgFeed USA does not owe CRG, as assignee of the Hormel Claim, the amounts set forth in the Hormel Claim nor does it provide any basis, legal or otherwise, for this Court to disallow the Hormel Claim.

31. As such, the Claim Objection fails to rebut the presumption that the Hormel Claim is *prima facially* valid and this Court should deny the Claim Objection as a matter of law, thereby, enabling CRG, as assignee of the Hormel Claim, to receive a distribution on account of the Hormel Claim.

*[Remainder of Page Intentionally Left Blank]*

---

section 502(h) and that avoidance action should not go forward because "no purpose would be served by requiring creditor to return the [t]ransfers and then recover them from the estate"). *See also Page v. Rogers*, 211 U.S. 575, 581 (1909) ("it is entirely practicable to avoid the circuitous proceeding of compelling the defendant to pay into the bankruptcy court the full amount of the preference which he has received, and then to resort to the same court to obtain part of it back by way of dividend").

[5] Finally, even if the Liquidating Trustee could assert a fraudulent transfer claim, the mere existence of that claim, in and of itself, is insufficient as a matter of law to "disallow" the Hormel Claim. Pursuant to 11 U.S.C. § 502(d), a court can "disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 . . . " However, within this District, in order to invoke Section 502(d), there must be a judicial determination that a fraudulent transfer occurred, a judgment must be entered of record and the defendant must refuse to return the transfer or otherwise satisfy the judgment. *See, e.g., In re Lids Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) ("To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable."). *Accord In re Broadstripe, LLC*, 444 B.R. 51, 109 (Bankr. D. Del. 2010) ("To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable." (citing *Lids*)); *In re Ultimate Acquisition Partners, LP*, 2012 Bankr. LEXIS 1905, *9-10 (Bankr. D. Del. May 1, 2012) ("A debtor or trustee wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint." (internal quotes and citation omitted)). *See also In re KB Toys Inc.*, 736 F.3d 247, 252 (3d Cir. 2013) ("Section 502(d) can be used to compel an original claimant to comply with a judgment and return the preferential payment as a condition of collecting on its claim."). As no judgment has been entered of record, Section 502(d) is simply inapplicable and provides no basis for disallowance of the Hormel Claim.

WHEREFORE, Claims Recovery Group, LLC respectfully requests that the Court enter an Order denying the Claim Objection and granting such other relief as is just and equitable.

DUANE MORRIS LLP

Dated: November 21, 2014         By: /s/ Lawrence J. Kotler
                                                   Lawrence J. Kotler, Esquire
                                                   DE I.D.: 4181
                                                   222 Delaware Avenue
                                                   Suite 1600
                                                   Wilmington, DE 19801-1659
                                                   Telephone: (302) 657-4900
                                                   Facsimile: (302) 657-4901
                                                   ljkotler@duanemorris.com

                                                   and

                                                   Catherine B. Heitzenrater, Esquire
                                                   30 South 17th Street
                                                   Philadelphia, PA 19103-4196
                                                   Telephone: (215) 979-7342
                                                   Facsimile: (215) 979-1020
                                                   cheitzenrater@duanemorris.com

                                                   *Counsel to Claims Recovery Group, LLC*