# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AGFEED USA, LLC, *et al.*,[1] | : | Case No. 13-11761 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | **Hearing Date: May 27, 2020 at 9:00 a.m. (ET)** |
| | **:** | **Objection Deadline: May 20, 2020 at 4:00 p.m. (ET)** |

## LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF ORDER AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF CERTAIN OF THE DEBTORS' REMAINING BOOKS AND RECORDS

William S. Kaye of JLL Consulting, Inc. as liquidating trustee (the "Liquidating Trustee") of the AgFeed Liquidating Trust (the "Trust") in the above-captioned chapter 11 bankruptcy proceedings, pursuant to sections 105(a), 363, and 554(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the abandonment and destruction of certain of the Debtors' remaining books and records. In support of this Motion, the Liquidating Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 554 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6007.

---

[1] The remaining Debtors and the last four digits of their federal tax identification number are: AgFeed USA, LLC (8748) and AgFeed Industries, Inc. (7168). The chapter 11 cases of all affiliated Debtors were closed by the Court on March 21, 2016 [D.I. 1823].

**BACKGROUND**

2. On July 15, 2013, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

3. On November 4, 2014, the Court entered an order [D.I. 1535] confirming the Debtors' Revised Second Amended Joint Chapter 11 Plan of Liquidation Supported by the Official Committee of Equity Security Holders (the "Plan"), which became effective on November 10, 2014 [D.I. 1551].

4. Pursuant to the Plan and that certain *Liquidating Trust Agreement*, entered into in connection with and in furtherance of the Plan, all of the Debtors' assets were transferred to and vested in the Liquidating Trust.

5. Pursuant to the Plan and Liquidating Trust Agreement, the Liquidating Trustee has the responsibility and the authority to, among other matters: (i) effect all actions and execute all agreements, instruments and other documents necessary to implement the Plan; (ii) pursue, litigate or settle causes of action in accordance with the Plan; and (ii) marshal and liquidate estate assets, including abandoning any property constituting the estates' assets that cannot be sold or otherwise disposed of for value. *See* Plan § 6.3(b); Liquidating Trust Agreement § 3.4.

6. The Liquidating Trustee has prosecuted a number of causes of action, three of which remain pending (the "Pending Causes of Action"). The relief requested in this Motion is not intended to impact the documents related to the Pending Causes of Action.

**RELIEF REQUESTED**

7. Through this Motion, the Liquidating Trustee seeks the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Liquidating Trustee to destroy, discard or abandon certain of the Debtors' remaining books and records (the "Books and

Records"). The Books and Records consist of, among other things, personnel records, expense reports, vouchers, and other miscellaneous records. In some cases, the Books and Records date back more than ten years. The Liquidating Trustee is currently paying rent to house these Books and Records.

8. The Liquidating Trustee has largely completed the claim review and reconciliation process and no longer has need for the Books and Records. The continuing cost of maintaining the Books and Records is a burden to these estates, which is no longer necessary.

9. Section 554 of the Bankruptcy Code states: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Liquidating Trustee's decision to abandon assets of the estate is reviewed under the business judgment standard. *E.g., In re Wilson*, 94 B.R. 886, 888-89 (Bankr. E.D. Va. 1989).

10. The Liquidating Trustee believes that both disjunctive standards contained in Section 554 are met in these cases with respect to the Books and Records. This property is "burdensome" within the meaning of Section 554 of the Bankruptcy Code. The Liquidating Trustee wishes to eliminate potential future costs associated with the transportation and storage of the Books and Records. *See generally* COLLIERS ON BANKRUPTCY, ¶ 554.02 [1].

11. Furthermore, the Books and Records do not contain information of substance or utility to the remaining administration of the estates. The Books and Records are therefore of inconsequential value and benefit to the estates.

12. Pursuant to Section 6.10 of the Plan, the Liquidating Trustee must seek Court approval prior to destroy or otherwise abandoning the Debtors' Books and Records. However, Section 6.3(b) of the Plan further provides that the Liquidating Trustee may abandon estate

property and otherwise take "such actions as are necessary and reasonable to carry out the purposes of the Liquidating Trust, including winding down the Debtors' business affairs." Plan §§ 6.3 and 6.10.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the attached form of order approving the Motion and granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2020          **ELLIOTT GREENLEAF, P.C.**

*/s/ Eric M. Sutty*
Rafael X. Zahralddin-Aravena (No. 4166)
Eric M. Sutty (No. 4007)
1105 N. Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Email: rxza@elliottgreenleaf.com
ems@elliottgreenleaf.com

       and

**HORWOOD MARCUS & BERK CHARTERED**
Aaron L. Hammer
500 W. Madison St., Ste. 3700
Chicago, IL 60661
Telephone: (312) 242-3293
Email: ahammer@hmblaw.com

*Counsel to William S. Kaye, as Liquidating Trustee of the AgFeed Liquidating Trust*